IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | No. 12-03009-01/06-CR-S-DW |
| | ) | |
| Plaintiff, | ) | **COUNT ONE:** |
| | ) | 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) |
| v. | ) | NLT 10 Years and NMT Life Imprisonment |
| | ) | NMT $10,000,000 Fine |
| **JOSE ALVAREZ** | ) | NLT 5 Years Supervised Release |
| [DOB: 08-01-1968] | ) | Class A Felony |
| | ) | |
| **RUBEN TAPIA** | ) | **COUNTS TWO, THREE and FIVE:** |
| [DOB: 04-17-1980] | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| | ) | NMT 20 Years Imprisonment |
| **JOHN REED** | ) | NMT $1,000,000 Fine |
| [DOB: 01-11-1982] | ) | NLT 3 Years Supervised Release |
| | ) | Class C Felony |
| **MICHAEL THOMAS** | ) | |
| [DOB: 06-19-1973] | ) | **COUNT FOUR:** |
| | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(D) |
| **HEATHER BROWN** | ) | NMT 5 Years Imprisonment |
| [DOB: 03-31-1975] | ) | NMT $250,000 Fine |
| | ) | NLT 2 Years Supervised Release |
| and | ) | Class D Felony |
| | ) | |
| **JASON GREEN** | ) | **COUNT SIX:** |
| [DOB: 01-04-1974] | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) |
| | ) | NLT 5 Years and NMT 40 Years Imprisonment |
| Defendants. | ) | NMT $5,000,000 Fine |
| | ) | NLT 4 Years Supervised Release |
| | ) | Class B Felony |
| | ) | |
| | ) | **COUNT SEVEN:** |
| | ) | 18 U.S.C. § 924(c) |
| | ) | NLT 5 Years Imprisonment |
| **Defendants / Counts:** | ) | NMT $250,000 Fine |
| J. Alvarez: 1 | ) | NMT 5 Years Supervised Release |
| R. Tapia: 1, 7 and Forfeiture Allegation 3 | ) | Class A Felony |
| J. Reed: 1-6, and Forfeiture Allegation 1 | ) | |
| H. Brown: 1-2, and Forfeiture Allegation 2 | ) | **COUNT EIGHT:** |
| M. Thomas: 1 | ) | 18 U.S.C. § 922(g)(1) |
| J. Green: 1, 8 and Forfeiture Allegation 4 | ) | NMT 10 Years Imprisonment |
| | ) | NMT $250,000 Fine |
| | ) | NMT 3 Years Supervised Release |
| | ) | Class C Felony |

|  |  |
|---|---|
| ) | **FORFEITURE ALLEGATION ONE:** |
| ) | 21 U.S.C. § 853 |
| ) | |
| ) | **FORFEITURE ALLEGATION TWO:** |
| ) | 21 U.S.C. § 853 |
| ) | |
| ) | **FORFEITURE ALLEGATION THREE:** |
| ) | 21 U.S.C. § 853 and 18 U.S.C. § 924(d) |
| ) | |
| ) | **FORFEITURE ALLEGATION FOUR:** |
| ) | 18 U.S.C. § 924(d) |

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE

Beginning on an unknown date but not later than on or about July 31, 2009, and continuing until on or about April 21, 2011, in Greene County and elsewhere, in the Western District of Missouri, the defendants, **JOSE ALVAREZ**, **RUBEN TAPIA**, **JOHN REED**, **MICHAEL THOMAS**, **HEATHER BROWN**, and **JASON GREEN**, knowingly and intentionally conspired and agreed with each other and with others known and unknown to the Grand Jury, to distribute 500 grams or more of mixtures or substances containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii); all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about July 31, 2009, in Greene County, in the Western District of Missouri, the defendants, **JOHN REED** and **HEATHER BROWN**, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine,

2

a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT THREE

On or about February 18, 2010, in Greene County, in the Western District of Missouri, the defendant, **JOHN REED**, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT FOUR

On or about February 18, 2010, in Greene County, in the Western District of Missouri, the defendant, **JOHN REED**, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

### COUNT FIVE

On or about June 19, 2010, in Greene County, in the Western District of Missouri, the defendant, **JOHN REED**, knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT SIX

On or about September 15, 2010, in Greene County, in the Western District of Missouri, the defendant, **JOHN REED**, knowingly and intentionally possessed with the intent to distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

**COUNT SEVEN**

On or about September 15, 2010, in Greene County, in the Western District of Missouri, the defendant, **RUBEN TAPIA**, did possess, in furtherance of the offense of conspiracy to distribute 500 grams or more of mixtures or substances containing a detectable amount of methamphetamine, as alleged in Count One, a firearm, to wit, a CAI make, Model PA-63, semi-automatic handgun, with serial number 004208, in violation of Title 18, United States Code, Section 924(c).

**COUNT EIGHT**

On or about June 2, 2011, in Greene County, in the Western District of Missouri, the defendant, **JASON GREEN**, having been convicted of a crime which is punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, a firearm, to wit, a Taurus, Model 85, .38 caliber revolver, serial number GG45672, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**FORFEITURE ALLEGATION ONE**

Upon conviction of the controlled substance offense alleged in Count One of this Indictment, defendant **JOHN REED** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

1. Approximately $1600 in United States currency seized from Reed's person on July 31, 2009;

2. Approximately $4351.69 in United States currency seized from Reed's vehicle on February 18, 2010;

3. Approximately $801 in United States currency seized from Reed's person on February 18, 2010;

4. Approximately $1942 in United States currency seized from Reed's vehicle on June 19, 2010;

5. Approximately $33,922 in United States currency seized from Reed's hotel room in Bolivar, Missouri, on July 2, 2010;

6. Approximately $640 in United States currency seized from Reed's person on September 15, 2010;

7. 2006 Pontiac GTO, VIN 6G2VX12U36L546491.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

## FORFEITURE ALLEGATION TWO

Upon conviction of the controlled substance offense alleged in Count One of this Indictment, defendant **HEATHER BROWN** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said

violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

    1.    Approximately $2687 in United States currency seized from Brown's person on July 31, 2009;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

### FORFEITURE ALLEGATION THREE

Upon conviction of the controlled substance offense alleged in Count One of this Indictment, defendant **RUBEN TAPIA** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

    1.    Approximately $79,141 in United States currency seized from Tapia's hotel room in Springfield, Missouri, on or about September 16, 2010;

    2.    Approximately $711 in United States currency seized from Tapia's person on or about September 16, 2010;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

The allegations contained in Count Seven above are hereby incorporated as though fully set forth herein for the purpose of charging criminal forfeiture to the United States of America pursuant to Title 18, United States Code, Section 924(d). As a result of committing an offense in violation of Title 18, United States Code, Sections 924(c), as charged herein, the defendant, **RUBEN TAPIA**, shall forfeit to the United States all firearms and ammunition involved in the particular aforesaid offense as set forth in Count Seven above, including but not limited to, a CAI make, Model PA-63, semi-automatic handgun, with serial number 004208.

## FORFEITURE ALLEGATION FOUR

The allegations contained in Count Eight above are hereby incorporated as though fully set forth herein for the purpose of charging criminal forfeiture to the United States of America pursuant to Title 18, United States Code, Section 924(d). As a result of committing an offense in violation

of Title 18, United States Code, Sections 922(g), as charged herein, the defendant, **JASON GREEN**, shall forfeit to the United States all firearms and ammunition involved in the particular aforesaid offense as set forth in Count Eight above, including but not limited to, a Taurus, Model 85, .38 caliber revolver, serial number GG45672.

*A TRUE BILL.*

/s/
**FOREPERSON OF THE GRAND JURY**

/s/ Bryan D. Freres
**BRYAN D. FRERES**
Special Assistant United States Attorney